Filed:  December 6, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4953**
(4:11-cr-00416-TLW-5)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN JERMAINE DAVIS, a/k/a Big Boy,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed October 2, 2012, as follows:

On page 5, section IV, first paragraph, lines 3 and 4, -- the sentence "Counsel's motion to withdraw is denied at this time" is deleted; and the name "Pratt" in the final line is corrected to read "Davis."

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4953**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

SHAWN JERMAINE DAVIS, a/k/a Big Boy,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-00416-TLW-5)

Submitted:  September 17, 2012     Decided:  October 2, 2012

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, Darlington, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Jermaine Davis pled guilty in accordance with a written plea agreement to conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, fifty kilograms or more of marijuana, and a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 264 months in prison. Davis now appeals. His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising two issues but concluding that there are no meritorious issues for appeal. Davis has filed a pro se supplemental brief raising an additional issue. We affirm.

I

In the <u>Anders</u> brief, counsel questions whether the district court complied with Fed. R. Crim. P. 11. Our review of the transcript of the Rule 11 proceeding discloses full compliance with the Rule. Further, the record reflects that Davis' plea was knowing and voluntary and that there was a factual basis for the plea. We therefore affirm the conviction.

II

Counsel next questions whether the sentence is reasonable. Davis' advisory Guidelines range was 262-327

months. There were no objections to the presentence investigation report, which the court adopted. In imposing sentence, the district court considered the Guidelines range, the 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors, and the arguments of counsel.[*] Further, the court mentioned that: Davis' offense was both significant and serious; he had an extensive criminal history, including several drug convictions and a conviction for a violent offense; he had served little time for his past offenses; and he had shown no respect for the law. Weighing in Davis' favor was the fact that he had cooperated with the United States.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly calculated the defendant's advisory Guidelines range, considered the applicable § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). With respect to the explanation of the sentence, the court "must place on the record an individualized

---

[*] Davis declined allocution.

assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 576. This review requires us to consider the totality of the circumstances and to decide "whether the sentence was reasonable—i.e., whether the [d]istrict [j]udge abused his discretion in determining that the § 3553(a) factors supported" the selected sentence. Gall, 552 U.S. at 56.

We conclude that the district court did not abuse its discretion in imposing the 264-month sentence. The court fully complied with the required procedures, properly calculating the Guidelines range, considering the arguments presented, providing an individualized assessment, and taking into account the § 3553(a) factors. The sentence, which falls within the Guidelines range, is presumptively reasonable, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Davis did not rebut this presumption.

III

In his pro se brief, Davis claims that his attorney was ineffective. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable

4

performance" and resulting prejudice. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Rather, to allow for adequate development of the record, a defendant ordinarily must bring an ineffectiveness claim in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). After reviewing the record, especially the transcript of sentencing, we conclude that ineffectiveness does not conclusively appear on the record. We therefore decline to address the merits of the claim.

IV

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' conviction and sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED